Howell, J.
This case presents simply questions of practice.
R. W. Estlin, as liquidator of the firm of R. W. Estlin & Co., alleged to be composed of R. W. Estlin and-brought suit on a note made in favor of the firm by the defendant, who answered by a general denial, and a special denial of the capacity of the plaintiff.
An amended petition was filed, (the service of which was accepted,) setting out the names of the persons composing the firm, alleging that it had been dissolved, but no one had been specially empowered to liquidate its affairs, and praying that they be allowed to amend the original petition, and make themselves parties plaintiffs, and for judgment in their favor for the amount demanded in the original petition. At the next term of the court, a motion was made by defendant to strike out the amended petition, as an attempt to substitute a new plaintiff for the original one, and thereby engraft a new and distinct suit on the former one, which was overruled, and a bill reserved. Some twenty days thereafter, the defendant objected to going to trial of the cause without a default being regularly taken on plaintiff’s amended petition. The *252 objection being overruled, tbe defendant excepted, and after judgment against bim, appealed.
In support of tbe motion to strike out, counsel rely on the case of Curacel v. Coulon 2 M. 143, in -which the substitution of another name for that of the plaintiff was not allowed, on the ground that it was making a new petition, and consequently, a new suit; but we do not regard the proceeding before us as producing such effect. Here the suit was virtually for the benefit of the firm, for which one of the members was assuming to act, and in favor of whom the note sued on was made by the defendant, and his special defence required only that the members of the firm should be properly represented, as a measure for his own protection. Setting out the names of the persons composing the firm, effected this object and did not, in any respect, change the issue. It was still whether he was bound on the obligation sued on. We think the ground of defendant’s motion, purely technical, and that the amendment was in furtherance of justice, and therefore allowable. Amendments may be made after issue joind, and where one of the parties has amended, the other has the right of answering the amendment; but it must be done immediately, unless the nature of the amendment requires further time. C. P. Arts. 419, 421. Issue being joined in this case and the amendment being properly allowed thereafter, there was no necessity for a default to make a tacit issue. When an amendment is once allowed, it forms a part of the pleadings, and the demand is precisely what it would have been had the original and amended petition been filed at the same time. Conceding to the members of the firm, the right to become" parties, carried with it the right to trial upon the issues made up, there being nothing in the nature of the amendment to induce the court to grant further time to answer, which however was not asked.- And had it been, there was ample time to do so. The right to answer to an amendment does not necessarily imply the duty on the part of the party amending to make a tacit issue if the right is not exercised.-
We think the Court did not err-in the two rulings.
Judgment affirmed.